UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SULZER MIXPAC AG,

                              **Plaintiff,**                        **COMPLAINT**

   -against-

DXM CO., LTD.,                                                TRIAL BY
DENTAZON CORPORATION,                         JURY DEMAND
SUNRISE DENTAL SUPPLIES LLC, and
SUNRISE DENTAL LAB LLC,

                              **Defendants.**
------------------------------------------------------------X

       Plaintiff Sulzer Mixpac AG ("Mixpac" or "Plaintiff") submits this complaint against defendants DXM Co., Ltd., Dentazon Corporation, Sunrise Dental Supplies LLC, and Sunrise Dental Lab LLC (collectively, "Defendants") seeking damages, injunctive and other relief for trademark counterfeiting, trademark infringement and related claims, and alleges as follows:

## PARTIES

       1.    Plaintiff Sulzer Mixpac AG is a Swiss corporation with its principal place of business at Rütistrasse 7, CH-9469 Haag, Switzerland.

       2.    Defendant DXM Co., Ltd. (hereafter referred to as "DXM") is a Korean company, having a business address of No. 1003, Ilsantechnotown Bldg. 138, Ilsan-ro, Ilsandong-gu, Goyang-si, Gyeonggi-do, Korea (410-722).

       3.    Defendant Dentazon Corporation, an affiliated US headquarters of DXM, is a California corporation, having a business address of 20610 Manhattan Place, Suite 108, Torrance, California 90501 (collectively, DXM and Dentazon Corporation will hereafter be referred to as "Dentazon").

4. Defendants Sunrise Dental Supplies LLC and Sunrise Dental Lab LLC are Washington limited liability companies having a business address of 17602 B ST E, Spanaway, Washington 98387 (collectively, Sunrise Dental Supplies LLC and Sunrise Dental Lab LLC will hereafter be referred to as "Sunrise").

## JURISDICTION AND VENUE

5. This court has jurisdiction over Mixpac's trademark counterfeiting and trademark infringement claims under 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121.

6. This court has personal jurisdiction over Defendants because they have transacted and are transacting business in this district and have sold, offered for sale, distributed, or advertised products that infringe Mixpac's registered and common law trademarks in this judicial district. Defendants also have made, used, imported, sold, or offered for sale in the United States, including within this judicial district, products which infringe Mixpac's trademarks, specifically U.S. Trademark Registration No. 4,674,109 (yellow), Reg. No. 3,762,232 (yellow), Reg. No. 3,762,233 (teal/green), Reg. No. 3,976,379 (blue), Reg. No. 3,976,380 (pink), Reg. No. 3,976,381 (purple), Reg. No. 3,976,382 (brown), and Reg. No. 4,051,261 (no color). Defendants have substantial and continuous contacts with New York and have committed acts of infringement in New York, including the Southern District of New York, sufficient to confer personal jurisdiction upon them. Specifically, Defendants have offered for sale infringing mixing tips at the 2015 Greater New York Dental Meeting on November 29, 2015.

7. Venue properly lies in this court under 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction and have committed acts of trademark

infringement in this district. Defendants' offering and selling their products in New York gives rise to proper venue as a substantial part of their infringing acts have occurred in this district.

## BACKGROUND

### The MIXPAC Three-Part Mixing System

8. Mixpac is the exclusive manufacturer in Switzerland of a proprietary three-part system for mixing two-part adhesives for dental applications. The system consists of 1) a dispenser-like caulking gun, 2) a cartridge containing a two-part chemical such as an epoxy having a catalyst and a resin, and 3) a mixing tip that mixes the chemicals before they are applied for making, for example, an impression or mold for teeth.

### The Registered Mixing Tips' Candy Color Marks

9. Mixpac has since at least as early as 1997 used distinctive color design Marks for its mixing tips (hereinafter "Candy Color Marks").

10. The Candy Color Marks have been used to identify Mixpac's dental mixing system and tips.

11. Mixpac's Candy Color Marks includes the line of mixing tips with six pleasing "candy-like" colors of yellow, teal, blue, pink, purple, and brown ("Candy Colors").

12. The Candy Color Marks are non-functional. They are not essential to the product's purpose, and they are not dictated by concern for cost efficiency. This is evidenced by other companies in the industry that use different designs and colors, or no colors, for their dental products, none of which include the Candy Colors, or the design features of the Candy Color Marks.

13. The Candy Color Marks are distinctive and identify a single source. Additionally, over more than fifteen years the Candy Color Marks have acquired secondary meaning as the relevant public has come to associate the Candy Color Marks with a single source - Mixpac. Mixpac informs the dental public to "look for" the Candy Color Marks and informs that the Candy Colors are trademarks. Purchasers choose mixing tips based on the Candy Color Marks.

**Plaintiffs Candy Color Marks and U.S. Trademark Registrations**

14. Mixpac owns eight U.S. Trademark Registrations for the look of the mixing tips: U.S. Trademark Registration No. 4,674,109 (yellow lower portion - no shape), Reg. No. 3,762,232 (yellow), Reg. No. 3,762,233 (teal/green), Reg. No. 3,976,379 (blue), Reg. No. 3,976,380 (pink), Reg. No. 3,976,381 (purple), Reg. No. 3,976,382 (brown) ("the Candy Color Trademark Registrations"), and Reg. No. 4,051,261 (shape only - no color). Copies of the registration certificates are attached as Exhibit A. Plaintiff's trademark registrations are prima facie evidence of the validity of the marks and registration of the marks, and Mixpac's exclusive right to use the marks in connection with mixing tips. See below:

| Reg. | 4674109 | 3976380 | 3976382 | 3976379 | 3976381 | 4051261 | 3762232 | 3762233 |
|---|---|---|---|---|---|---|---|---|
| **Mark** | (yellow) | (pink) | (brown) | (blue) | (purple) | (shape only) | (yellow) | (teal/blue) |

### Plaintiff's T-MIXER Trademark

15. Plaintiff also has rights in the trademark T-MIXER that it has used for years in connection with dental mixing tips.

### Defendants' Counterfeit Mixing Tips

16. Defendants have capitalized on the success of the Mixpac mixing tips by copying the distinctive Candy Color Marks, and using the wide exposure of the Greater New York Dental Meetings, to intentionally confuse purchasers into believing the counterfeit products are manufactured or licensed by Mixpac ("Counterfeit Mixing Tips").

17. Dentazon has copied the distinctive Candy Color Marks. See images of Dentazon's infringing mixing tips, attached hereto as Exhibit B.

18. Sunrise has copied the distinctive Candy Color Marks. See images of Sunrise's infringing mixing tips, attached hereto as Exhibit C.

19. Defendants' mixing tips are counterfeit as they are spurious and are identical with or substantially indistinguishable from Mixpac's Candy Color Marks as shown in the Candy Colored Mark Registrations.

20. Defendants' copied mixing tips are of lesser quality and safety and reliability, and threaten Mixpac's reputation in its product, to the detriment of Mixpac and the public.

21. Defendants have advertised and offered Counterfeit Mixing Tips for sale to customers in this district.

### Defendants DXM and Dentazon Infringement of Plaintiff's T-MIXER Trademark

22.     Defendants DXM and Dentazon Corporation have also capitalized on the success of the Mixpac mixing tips by using a D-MIXER mark in connection with its infringing tips that is confusingly similar to Plaintiff's T-MIXER trademark to intentionally confuse purchasers into believing the counterfeit products are manufactured or licensed by Mixpac.

**This Court Has Entered Several Restraining Orders, Consent or Default Judgments, and Injunctions Which Confirm the Validity and Infringement of the Plaintiff's Candy Color Marks and the Candy Colors**

23.     In *Sulzer Mixpac v. TPC Advanced Technologies, Inc.*, 08 Civ. 10364 (DC), this Court entered a Temporary Restraining Order against further infringement of the Candy Color Marks on December 1, 2008, and the Court later entered six consent or default judgments which confirm the validity and infringement of the Candy Color Marks. On November 30, 2009 in *Sulzer Mixpac v. Ritter GmbH, NSJ and Peng Waves*, 09 Civ. 9705 (DAB) the Court issued a TRO, followed by the issuance of a Preliminary Injunction on December 14, 2009, and later a default judgment confirming the validity and infringement of Mixpac's Candy Color Marks.  In *Sulzer Mixpac USA v. Purelife Gloves, LLC*, 09 Civ. 10430 (DAB) and *Sulzer Mixpac USA v. Crown Dentalsply et al.*, 10 Civ. 8911 (DAB), the Court entered consent judgments further confirming the validity and infringement of the Candy Color Marks on May 10, 2011 and April 21, 2011, respectively. Further, in *Sulzer Mixpac USA v. Rainbow Specialty & Health Products (USA) et al.*, 12 Civ. 6970 (RJS), *Sulzer Mixpac USA v. UC Dental Products, Inc. dba Happystone Dental Supply* 12 Civ. 7863 (LTS), and *Sulzer Mixpac USA v. Spident USA, Inc. and Spident Co., Ltd. et al.*, 12 Civ. 8563 (PAC), the court entered consent judgments confirming the validity and infringement of the Candy Color Marks on November 21, 2012, November 27, 2012, and January 23, 2013, respectively.

## COUNT I

**TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114**
**(All Defendants)**

24. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 23 of its complaint.

25. Defendants have advertised, offered for sale, distributed, or sold mixing tips which are spurious and which are identical with or are substantially indistinguishable from Mixpac's yellow or other color mixing tips as shown in the Candy Color Trademark Registrations, Reg. No. 4,674,109 (yellow), Reg. No. 3,762,232 (yellow), Reg. No. 3,762,233 (teal/green), Reg. No. 3,976,379 (blue), Reg. No. 3,976,380 (pink), Reg. No. 3,976,381 (purple), Reg. No. 3,976,382 (brown), or the Registration, Reg. No. 4,051,261 (no color).

26. Defendants' conduct is likely to cause confusion, to cause mistake, and to deceive as to Defendants' affiliation, connection, association, or sponsorship with Mixpac.

27. Defendants' infringement is willful and with notice of Mixpac's trademark registrations.

28. Mixpac has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Defendants' wrongful conduct, Mixpac is entitled to injunctive relief, Defendants' profits, statutory damages, damages, and attorney's fees and costs.

## COUNT II

**TRADEMARK INFRINGEMENT OF THE REGISTERED CANDY COLOR**
**MARKS BY DEFENDANTS UNDER 15 U.S.C. §§ 1125(a) and 1114**
**(All Defendants)**

29. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 28 of its complaint.

30. Defendants adopted their trade dress for their mixing tips with knowledge of the Candy Color Marks and Candy Colors.

31. Defendants have misleadingly used, and continue to use, a confusingly similar trade dress to the Candy Color Mark Registration, which is likely to cause confusion, to cause mistake, and to deceive as to Defendants' affiliation, connection, association, or sponsorship with Mixpac.

32. Defendants' acts are calculated to deceive, or are likely to deceive, the public, which recognizes and associates the Candy Color Marks with Mixpac. Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive the public as to the source of Defendants' products, or as to a possible affiliation, connection with or sponsorship by Mixpac.

33. Defendants' conduct has caused Mixpac to suffer and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill and will suffer the loss of sales and profits that Mixpac would have made but for Defendants' acts. Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

34. Defendants' infringement is willful and with notice of Mixpac's trademark registrations.

35. Mixpac has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of

Defendants' wrongful conduct, Mixpac is entitled to injunctive relief, Defendants' profits, damages, and attorney's fees and costs.

## COUNT III

**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**
**(DXM and DENTAZON Defendants Only)**

36. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 35 of its complaint.

37. Defendants DXM and Dentazon Corporation use a mark confusingly similar to Mixpac's T-MIXER mark on Dentazon products. The Dentazon Defendants use of D-MIXER is likely to cause confusion, to cause mistake, and to deceive as to the Dentazon Defendants' affiliation, connection, association, or sponsorship with Mixpac in violation of 15 U.S.C. § 1125(a). See Exhibit B.

38. The Dentazon Defendants have violated and, upon information and belief, intend to continue to willfully, knowingly, and intentionally violate 15 U.S.C. § 1125(a) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics, or qualities of their goods, services, or commercial activities.

39. The Dentazon Defendants' conduct has caused Mixpac to suffer irreparable harm and, unless enjoined by the Court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Mixpac would have made but for the Dentazon Defendants' acts. The Dentazon Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

40. Mixpac has no adequate remedy at law. The Dentazon Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac.

As a result of the Dentazon Defendants' wrongful conduct, Mixpac is entitled to injunctive relief, the Dentazon Defendants' profits, damages, and attorney's fees and costs.

## COUNT IV

**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**
**(All Defendants)**

41. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 40 of its complaint.

42. Defendants' mixing tips use the Candy Color Marks in such a way as to unfairly compete in the marketplace by drawing a false association between Defendants' products and Mixpac including offering Counterfeit Mixing Tips at the 2015 Greater New York Dental Meeting.

43. Defendants have made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, qualities, sponsorship, or association with another person's goods, services, or commercial activities in violation of 15 U.S.C. § 1125(a).

44. Defendants have violated and, upon information and belief, intend to continue to willfully, knowingly, and intentionally violate 15 U.S.C. § 1125(a) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics, or qualities of their goods, services, or commercial activities.

45. Defendants' conduct has caused Mixpac to suffer irreparable harm and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Mixpac would have

made but for Defendants' acts. Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

46. Defendants have willfully made false designations of origin with knowledge and with notice of Mixpac's trademark rights.

47. Mixpac has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Defendants' wrongful conduct, Mixpac is entitled to injunctive relief, Defendants' profits, damages, and attorney's fees and costs.

## COUNT V

### VIOLATION OF N.Y. GEN. BUS. LAW § 349
### (All Defendants)

48. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 47 of its complaint.

49. Defendants' acts, including the unauthorized manufacture and distribution of its mixing tips, constitute a violation of General Business Law § 349 because they are likely to cause confusion or mistake, or deceive consumers into thinking that Defendants' and Mixpac's products emanate from the same source. The public has an interest in being able to correctly identify the source of the Mixpac products.

50. Defendants' conduct has caused harm to the public because their products compromise the health or safety of consumers of dental products or services.

51. Defendants willfully engaged in one or more deceptive trade practices.

52. Mixpac has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to endanger consumers of dental products or services and cause

irreparable damage to Mixpac. As a result of Defendants' wrongful conduct, Mixpac is entitled to injunctive relief, Defendants' profits, damages, and attorney's fees and costs.

## COUNT VI

### VIOLATION OF N.Y. GEN. BUS. LAW § 350
### (All Defendants)

53. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 52 of its complaint.

54. Defendants' acts violate General Business Law § 350 because, by offering copies of Mixpac's products, they falsely represent to consumers and professionals that their products are somehow associated or affiliated with, sponsored, or endorsed by Mixpac.

55. Defendants' acts and misrepresentations are likely to cause confusion, mistake, or deception as to the source of their products and services.

56. Should such misrepresentations continue, it will produce an irreparable injury to Mixpac because it allows Defendants to trade off Mixpac's goodwill and unfairly and improperly market their goods through misleading statements.

57. Defendants' conduct has caused harm to the public because their products compromise the health or safety of consumers of dental services.

58. Defendants have willfully made false representations with knowledge and with notice of Mixpac's trademark rights.

59. Defendants' acts have caused, and continue to cause, irreparable harm to Mixpac. Unless this court enjoins Defendants from continuing its unauthorized acts, Mixpac

will continue to suffer irreparable harm. As a result of Defendants' wrongful conduct, Mixpac is entitled to injunctive relief, Defendants' profits, damages, and attorney's fees and costs.

## COUNT VII

### VIOLATION OF N.Y. GEN. BUS. LAW § 360-1
### (All Defendants)

60. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 59 of its complaint.

61. Defendants' conduct is likely to cause injury to Mixpac's reputation and dilute the distinctive quality of its trademarks.

62. Mixpac's Candy Color Marks is highly distinctive and has become well known and widely respected in the dental industry.

63. Mixpac's products are safe and meet Mixpac's standards for quality and cleanliness.

64. Mixpac's mixing tips have been properly tested to fit and work effectively with Mixpac's complementary dispensing systems.

65. Defendants' products may not be safe and do not meet Mixpac's standards for quality and cleanliness.

66. Defendants' use of Mixpac's Candy Color Marks on its identical (in appearance), yet substandard, products is likely to cause consumers to believe that Defendants' products emanate from the same source as Mixpac's.

67. Defendants' unlawful manufacture and distribution of products bearing Mixpac's distinctive trademarks are likely to tarnish Mixpac's image and blur the distinctive quality of its marks.

68. Defendants' actions threaten to undermine and damage the goodwill and reputation associated with Mixpac's trademark in the eyes of the dental trade industry and general consuming public.

69. Defendants have willfully made false statements with knowledge and with notice of Mixpac's trademark rights.

70. Defendants' acts have caused, and continue to cause, irreparable harm to Mixpac. Unless this Court enjoins Defendants from continuing their unauthorized acts, Mixpac will continue to suffer irreparable harm. As a result of Defendants' wrongful conduct, Mixpac is entitled to injunctive relief, Defendants' profits, damages, and attorney's fees and costs.

## COUNT VIII

**COMMON LAW TRADEMARK INFRINGEMENT**
**(All Defendants)**

71. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 70 of its complaint.

72. Defendants adopted the look of their mixing tips with knowledge of the Candy Color Marks and Candy Colors.

73. Defendants have misleadingly used, and continue to use, a confusingly similar trade dress to the Candy Color Marks and Candy Colors that is likely to cause confusion, to cause mistake, and to deceive as to Defendants' affiliation, connection, association, or sponsorship with Mixpac.

74. Defendants DXM and Dentazon Corporation also use a mark confusingly similar to Mixpac's T-MIXER mark in such a way as to unfairly compete in the marketplace

by drawing a false association between the Dentazon products and Mixpac including offering Counterfeit Mixing Tips at the 2015 Greater New York Dental Meeting. See Exhibit B.

75. Defendants' acts are calculated to deceive, or are likely to deceive, the public, which recognizes and associates the Candy Color Marks and Candy Colors with Mixpac. Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive the public as to the source of Defendants' products, or as to a possible affiliation, connection with, or sponsorship by Mixpac.

76. Defendants have willfully infringed with knowledge and with notice of Mixpac's trademark rights.

77. Defendants' acts have caused, and continue to cause, irreparable harm to Mixpac. Unless this court enjoins Defendants from continuing its unauthorized acts, Mixpac will continue to suffer irreparable harm. As a result of Defendants' wrongful conduct, Mixpac is entitled to injunctive relief, Defendants' profits, damages, and attorney's fees and costs.

## COUNT IX

### COMMON LAW UNFAIR COMPETITION
### (All Defendants)

78. Mixpac realleges and incorporates by reference the allegations in paragraphs 1 through 77 of its complaint.

79. Defendants' acts constitute unfair competition under common law.

80. Defendants adopted their trade dress in bad faith as they knowingly, willfully, and intentionally copied the shape and colors of Mixpac's product to trade off Mixpac's labor, expenditures, and good will.

81. Defendants' mixing tips utilize the Candy Color Marks and Candy Colors in such a way as to unfairly compete in the marketplace by drawing a false association between Defendants' products and Mixpac.

82. Defendants DXM and Dentazon Corporation also use a mark confusingly similar to Mixpac's T-MIXER mark in such a way as to unfairly compete in the marketplace by drawing a false association between the Dentazon products and Mixpac including offering Counterfeit Mixing Tips at the 2015 Greater New York Dental Meeting. See Exhibit B.

83. Defendants have made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, or qualities of another person's goods, services, or commercial activities.

84. Defendants' conduct has caused Mixpac to suffer irreparable harm and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill and will suffer the loss of sales and profits that Mixpac would have made but for Defendants' acts. Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

85. Mixpac has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Defendants' wrongful conduct, Mixpac is entitled to injunctive relief, Defendants' profits, damages, and attorney's fees and costs.

**RELIEF REQUESTED**

Wherefore, Mixpac requests that the court enter a judgment in Mixpac's favor and against Defendants and provide Mixpac the following relief:

A. Order, adjudge, and decree that Defendants have infringed the Mixpac Candy Color Marks and Candy Colors under 15 U.S.C. §§ 1114, 1125(a);

B. Order, adjudge, and decree that Defendants DXM and Dentazon have infringed the Mixpac T-MIXER mark under 15 U.S.C. § 1125(a);

C. Order, adjudge, and decree that Defendants have committed trademark counterfeiting of U.S. Trademark Reg. No. 4,674,109 (yellow in lower portion – no shape), Reg. No. 3,762,232 (yellow), Reg. No. 3,762,233 (teal/green), Reg. No. 3,976,379 (blue), Reg. No. 3,976,380 (pink), Reg. No. 3,976,381 (purple), Reg. No. 3,976,382 (brown), and/or Reg. No. 4,051,261 (no color) under 15 U.S.C. § 1114.

D. Order, adjudge, and decree that Defendants willfully and knowingly infringed the Mixpac Candy Color Marks, the Candy Colors, and, with respect to Defendants DXM and Dentazon, the T-MIXER mark as well;

E. Issue a preliminary and permanent injunctive relief prohibiting Defendants and their respective parents, subsidiaries, principals, officers, agents, affiliates, servants, attorneys, employees, and all others in privity with them from using any trademark or trade dress which is likely to be confused with the Candy Color Marks, the Candy Colors, and, with respect to Defendants DXM and Dentazon, the T-MIXER mark as well;

F. Order Defendants to identify and recall from customers and destroy all infringing materials, including but not limited to all packaging and advertising incorporating the infringing trade dress or any other trade dress confusingly similar to the Candy Color

Marks, Candy Colors, and, with respect to Defendants DXM and Dentazon, the T-MIXER mark as well;

      G.    Award Mixpac damages for trademark infringement including prejudgment interest and costs against Defendants under 15 U.S.C. § 1117;

      H.    Award Mixpac three times its damages to compensate Mixpac under 15 U.S.C. § 1117;

      I.    Award Mixpac its reasonable attorney's fees under 15 U.S.C. § 1117;

      J.    Award Mixpac statutory damages for trademark counterfeiting pursuant to 15 U.S.C. § 1117; and

      K.    Award such other and further relief as the court may deem just.

Dated: New York, New York
       November 30, 2015

_____
Charles D. Cole, Jr.
Newman Myers Kreines Gross Harris, P.C.
40 Wall Street
New York, New York 10005-1335
(212) 619-4350
dcole@nmkgh.com

      -and-

Michael T. Murphy
Daniel Hwang
Global IP Counselors, LLP
1233 Twentieth Street NW, Suite 700
Washington, D.C. 20036
(202) 293-0585
mmurphy@giplaw.com
Attorneys for Sulzer Mixpac AG